**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| CAROL A. KALFIAN<br><br>Plaintiff,<br><br>v.<br><br>MATRIXX INITIATIVES, INC., ZICAM, LLC, and WAL-MART STORES, INC.,<br><br>Defendants. | C.A. NO. 04-119 ML |

**PLAINTIFF'S MOTION TO VOLUNTARILY DISMISS COMPLAINT**

Pursuant to Rule 41(a) (2) of the Federal Rules of Civil Procedure and Local Rule 12(a), Plaintiff Carol A. Kalfian hereby moves to voluntarily dismiss her Complaint filed against all Defendants in the above captioned matter. Plaintiff specifically requests this court to issue an order dismissing the complaint without prejudice and without costs to any party. The reasoning for this motion is set forth in the attached Memorandum in Support of Plaintiff's Motion to Voluntarily Dismiss Complaint.

Plaintiff,

By and through her Attorneys

Charles A. Tamuleviz, Esq. Bar # 6115
Christopher E. Hultquist, Esq. Bar #5264
Tamuleviz, Hultquist & Bianchi, L.L.P.
144 Westminster Street
Providence, RI 02903
Telephone: (401) 490-2939
Facsimile: (401) 490-2940

**CERTIFICATION**

I hereby certify that a true and accurate copy of the within document was mailed by regular mail postage prepaid from Tamuleviz, Hultquist & Bianchi, L.L.P., 144 Westminster Street, Providence, RI 02903 to **Holly M. Polglase, Esq. and Richard P. Campbell, Esq.,** Campbell Campbell Edwards & Conroy, One Constitution Plaza, Third Floor, Boston, MA 02129 and **Alan J. Lazarus, Esq.**, Drinker, Biddle & Reath, 50 Fremont Street, San Francisco, CA 94105-2232 on the **25th day of August, 2005**.

Donna Marie Santoro

Kalfian/P016

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| CAROL A. KALFIAN<br><br>Plaintiff,<br><br>v.<br><br>MATRIXX INITIATIVES, INC., ZICAM, LLC, and WAL-MART STORES, INC.,<br><br>Defendants. | : | C.A. NO. 04-119 ML |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO VOLUNTARILY DISMISS COMPLAINT**

## I. Statement of Facts and Procedural History

Plaintiff, Carol Kalfian, purchased a bottle of Zicam Cold Remedy nasal gel in a nasal pump container on November 16, 2003 at the Wal-Mart store located in Westerly, Rhode Island. In the beginning of December 2003, Ms. Kalfian used the product according to its instructions and shortly following experienced severe burning and discomfort. Following use of the product, Plaintiff noticed that her sense of smell had been diminished, and she no longer recognized scents and odors encountered in her daily living.

On April 6, 2004 Plaintiff filed this product liability action asserting counts of Negligence and Strict Liability against Matrixx Initiatives, Inc., and Zicam LLC. It is Plaintiff's contention that Matrixx Initiatives Inc. and its wholly owned subsidiary Zicam, LLC, manufactured, marketed and sold Zicam Cold Remedy nasal gel throughout the United States. Since Plaintiff purchased

the Zicam Cold Remedy nasal gel at the Wal-Mart store located in Westerly Rhode Island, Wal-Mart Stores Inc. is named as a defendant-retailer responsible for selling a defective product. Defendants filed an Answer to the Complaint denying responsibility on June 7, 2004.

On July 21, 2004 the parties met with the court for an initial pretrial conference. The court entered its pretrial order on July 22, 2004 adopting the parties' joint discovery plan. The court ordered the parties to attend a settlement conference with Magistrate Judge Hagopian on September 21, 2004 before either party embarked on protracted discovery. The parties were unable to resolve the case at the Settlement Conference.

Since the conclusion of the Settlement Conference, the parties have been cooperative during the discovery phase of this matter. The parties have propounded discovery requests, and each side has provided substantive responses. Due to the nature of the discovery involved and the national scope of the litigation, a protective order was issued by the court on February 11, 2005 regarding internal documents provided by defendants. On February 24, 2005 defendants produced a massive amount of documents on eleven CD's pursuant to the protective order entered by this court on February 11, 2005.

Since the initial disclosure contained a massive number of documents, and defense counsel indicated that the first corporate depositions of individuals with knowledge of the development of Zicam Cold Remedy nasal gel would not commence until April 28, 2005, the parties agreed that the timelines enumerated in the initial Joint Discovery Plan and pretrial order would need to be amended.

According to the Amended Joint Discovery Plan and pretrial order adopted by the court on March 18, 2005, Plaintiff's Rule 26 (a) (2) disclosures are due on October 1, 2005. Defendants' expert disclosures are due on November 1, 2005. Discovery is scheduled to close on November 30, 2005. Dispositive motions need to be filed no later than December 30, 2005. Pretrial memoranda are due on January 30, 2006, and trial is scheduled for a date convenient to the court in March, 2006.

The first and only deposition taken to date in this action took place in Phoenix, Arizona on April 28-29, 2005. Tim Clarot, the corporate representative designated by defendants, was produced pursuant to a 30(b)(6) deposition notice issued in the Superior Court of the State of Arizona in the action entitled <u>In Re: Consolidated Product Liability Cases, Case No. CV2004-001338.</u> **See Exhibit 1.** Plaintiff's counsel attended the deposition and agreed that the Arizona state deposition could be cross noticed with this action in an effort to conduct efficient discovery. It is apparent that the majority of Zicam actions are filed in Arizona, with over three hundred actions consolidated at the moment. No additional depositions have taken place in the Arizona state court litigation as on order staying the action was entered on July 22, 2005. **See Exhibit 2.**

The deposition of Plaintiff was scheduled for July 29, 2005, and Plaintiff's counsel contacted defense counsel on July 25th to cancel the deposition. Plaintiff's counsel indicated that it was Plaintiff's intention to dismiss the action and refile the action in the consolidated action in Arizona.

Plaintiff's counsel inquired if Defendants would agree to a dismissal stipulation without prejudice. Defendants would not agree to enter into a dismissal stipulation without prejudice. Therefore, Plaintiff files the instant motion and accompanying memorandum.

## II. Argument

Rule 41 (a)(2) of the Federal Rules of Civil Procedure provides in part that "an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper." The basic purpose of the rule is to freely allow a plaintiff to dismiss an action as long as no other party will be prejudiced. See Puerto Rico Maritime Shipping Auth. v. Leith, 668 F.2d 46, 50 (1st Cir. 1981). Whether the non-movant will suffer prejudice by the granting of a Rule 41 (a)(2) motion is typically determined by reference to the following factors: (1) the non-movant's effort and expense in preparation for trial, (2) whether the movant has demonstrated a lack of diligence or occasioned excessive delay in prosecution the action, (3) the sufficiency of the reason for the need to take dismissal, and (4) whether a motion for summary judgment has been filed by the non-movant. See Doe v. Urohealth Sys., Inc., 216 F.3d 157, 160 (1st Cir. 2000). The prospect of a second suit should not bar dismissal pursuant to Rule 41(a)(2). Puerto Rico Maritime Shipping, 668 F.2d at 50.

Taking into account the factors enumerated above, defendants will not suffer legal prejudice for the following reasons. Although Plaintiff does not know the expense encountered by defendants in this action, it is apparent that

this matter is not ripe for trial. Only one deposition has taken place to date. To the extent that Defendants have expended monies regarding discovery, Plaintiff would agree that a condition of dismissal would be a preclusion of duplicative discovery requests already responded to and that responses already issued could be used in any future matter.

Second, Plaintiff has been diligent in prosecuting this action. In fact both parties have responded accordingly to discovery requests in a timely fashion and have worked throughout this litigation in an efficient manner. Although this matter was originally filed on April 6, 2004, Defendants were not in any position to provide Plaintiff with responsive discovery documents until February 2005. The first and only deposition of a corporate witness took place on April 28-29, 2005. Plaintiff has responded to interrogatories, requests for production and requests for admissions. The reason that an amended pretrial order was entered scheduling a trial in March of 2006 concerns the inherent difficulties of managing litigation on a national scale. Plaintiff has clearly been diligent in prosecuting this action.

Regarding factor number three, Plaintiff requests a voluntary dismissal without prejudice in an effort to refile her case in the Arizona consolidated action. The statute of limitations for personal injury actions in Arizona is two years from the date of the incident. Therefore, it is Plaintiff's position that her statute of limitations will expire in Arizona in December 2005. At this time it is apparent that the Arizona litigation is controlling the scheduling of discovery of Defendants' witnesses. It is Plaintiff's counsel's understanding that no

substantive discovery of Defendants' witnesses will be taking place until at least October 2005, and there has been no discovery in the Arizona litigation since July 22, 2005. Since there are over three hundred cases consolidated in Arizona, it is Plaintiff's position that it would be economically efficient for all parties to have this case re-filed in the Arizona consolidated action.

Lastly, Defendants have not filed a motion for summary judgment.

## III. Conclusion

For the reasons stated above, Plaintiff Carol A. Kalfian hereby requests the court to issue an order granting Plaintiff's Motion to Voluntarily Dismiss Complaint against all Defendants in the above captioned matter, without prejudice and without costs.

Plaintiff,

By and through her Attorneys

Christopher E. Hultquist, Esq. Bar #5264
Tamuleviz, Hultquist & Bianchi, L.L.P.
144 Westminster Street
Providence, RI 02903
Telephone: (401) 490-2939
Facsimile: (401) 490-2940

**CERTIFICATION**

I hereby certify that a true and accurate copy of the within document was mailed by regular mail postage prepaid from Tamuleviz, Hultquist & Bianchi, L.L.P., 144 Westminster Street, Providence, RI 02903 to **Holly M. Polglase, Esq. and Richard P. Campbell, Esq.,** Campbell Campbell Edwards & Conroy, One Constitution Plaza, Third Floor, Boston, MA 02129 and **Alan J. Lazarus, Esq.**, Drinker, Biddle & Reath, 50 Fremont Street, San Francisco, CA 94105-2232 on the **25th day of August, 2005**.

Donna Marie Santos

Kalfian/P017

LEXISNEXIS FILE & SERVE 5594684 E-SERVICE
Apr 12 2005
8:10AM

Barry Reed, Esq., AZ #020906
Hart L. Robinovitch, Esq. AZ #020910
ZIMMERMAN REED P.L.L.P.
14646 No. Kierland Blvd, Suite 145
Scottsdale, Arizona 85254
(480) 348.6400
(480) 348.6415 Facsimile
bgr@zimmreed.com
hlr@zimmreed.com

Attorneys for Plaintiffs in *Ringbauer, Abramsen, Adams, Douillard, Lutche, Hunter,* and *Akers*

**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

**IN AND FOR THE COUNTY OF MARICOPA**

| | |
|---|---|
| IN RE CONSOLIDATED ZICAM PRODUCT LIABILITY CASES | Case No. CV2004-001338 (Consolidated)<br><br>**PLAINTIFFS' NOTICE OF VIDEO-TAPED DEPOSITION PURSUANT TO ARIZ.R.CIV.P.30(b)6**<br><br>(Assigned to the Honorable Pendleton Gaines) |

TO: All Counsel and/or Parties of Record

PLEASE TAKE NOTICE that pursuant to Ariz. R. Civ. P. 30(b)(6) the video-taped deposition(s) of Defendants Matrixx Initiatives, Inc. and Zicam LLC (through an individual or individuals to be designated by Defendants), by oral examination will be taken before certified court reporters, Holiday & Associates at the law firm of Snell & Wilmer LLP, One Arizona Center, 400 East Van Buren, Phoenix, AZ 85004 on April 28 and April 29, 2005, beginning at 9:00 a.m. and continued thereafter until completed.

Such deposition shall be regarding the following subject(s):

1. The development of the Defendants' zinc-based products ("subject products").

2. The testing of the Defendants' zinc-based products.

3. The marketing of the Defendants' zinc-based products.

4. The warnings accompanying the Defendants' zinc-based products.

5. The corporate structure and officers and directors of Defendants, past and present.

6. The inter-relationships and business dealings between Defendants, past and present.

7. All insurance coverage.

8. All other litigation involving the product or related to the product in any way.

9. Any documents and indexes produced in this and other litigation by Defendants in which the efficacy or safety of the company's products or the truth of any representation about the company's products was at issue.

10. Record keeping and organization of documents produced by Defendants.

11. Regulatory and scientific affairs and investigations into the safety and efficacy of Defendants' zinc-based products.

12. Defendants' knowledge of and response to reports of impairments of smell and/or taste alleged to be in connection with Defendants' zinc-based products.

13. All studies, investigations or other inquiries pertaining to whether Defendants' zinc-based products, or zinc generally, causes a loss of smell and/or taste.

14. Regarding all consultants and advisors to Defendants concerning the safety and efficacy of the subject products, including but not limited to any scientific affairs boards, scientific advisory panels, or retained consultants or investigators, their identities, their roles and responsibilities, their conclusions, how they were found, who paid them, and how much they were paid.

15. The safety of Defendants' zinc-based products.

16. The efficacy of Defendants' zinc-based products.

17. How the Defendants learned of allegedly reported links between the subject products and the impairments of smell and/or taste, and what they did about it.

Dated: April 12, 2005

ZIMMERMAN REED PLLP

/s/ Barry G. Reed

Barry Reed, Esq., AZ #020906
Hart L. Robinovitch, Esq. AZ #020910
ZIMMERMAN REED PLLP.
14646 No. Kierland Blvd, Suite 145
Scottsdale, Arizona 85254
(480) 348.6400
(480) 348.6415 Facsimile

Attorneys for Plaintiffs in *Ringbauer, Abramsen, Adams, Douillard, Lutche, Hunter,* and *Akers*

Of Counsel:

Michael L. Williams
Brian Campf
WILLIAMS DAILEY O'LEARY CRAINE & LOVE, P.C.
1001 SW 5th Avenue, Suite 1900
Portland, Oregon 97204-1135

Ken Lewis
BUSH, LEWIS & ROEBUCK PC
1240 Orleans Street
Beaumont, TX 77706

Mitchell A. Toups
WELLER GREEN TOUPS & TERRELL, LLP
Bank of America Tower
2615 Calder Street, Suite 400
Beaumont, TX 77702

Joshua Ezrin
ALEXANDER HAWES & AUDET LLP
152 N. 3rd Street, Suite 600
San Jose CA 95112

COPY of the foregoing
Served electronically on
April 12, 2005, to:

John Wilborn, Esq. (jnw@surrano.com)
Charles J. Surrano, Esq.
SURRANO LAW OFFICES.
Great American Tower
3200 North Central Avenue, Suite 2500
Phoenix, AZ 85012-2445
Attorney for Defendants Matrixx Initivatives, Inc. and Zicam LLC in *Bentley, Ringbauer* and *Abramsen*; and for Wal-Mart Stores, Inc. and Walgreen Co. in *Bentley*

Douglas W. Seitz, Esq. (dseitz@swlaw.com)
Paul J. Giancola, Esq. (pgiancola@swlaw.com)
Suzanne, McCann, Esq. (smccann@swlaw.com)
Sara Vrotsos, Esq. (svrotsos@swlaw.com)
Kelly MacHenry, Esq. (kmachenry@swlaw.com)
SNELL & WILMER LLP
One Arizona Center
Phoenix, AZ 85004
Attorney for Defendants Matrixx Initivatives, Inc. and Zicam LLC in *Bentley, Ringbauer Abramsen, Lutche, Adams, Douillard, Hunter* and *Akers*; and for Wal-Mart Stores, Inc. and Walgreen Co. in *Bentley*; for Defendants Bashas', Inc., Costco Wholesale Corp., CVS Corp. d/b/a CVS Pharmacy, Inc., Eckerd Corp., Kroger Co., Ralphs Grocery Company, Sam's Club, Smith's Food & Drug Centers d/b/a Fry's Marketplace, Target Corp., Walgreen Co, and Wal-Mart Stores, Inc. in *Akers*; for Defendant Sam's Club in *Adams*; for Defendant Sam's Club in *Adams*; for Defendant Sam's Club in *Abramsen*

Charles F. Preuss (cfpreuss@dbr.com)
Alan J. Lazarus (ajlazarus@dbr.com)
Kenneth P. Conour (kpconour@dbr.com)
DRINKER BIDDLE & REATH
50 Fremont Street, 20th Floor
San Francisco, CA 94105-2235

Thomas F. Campion (thomas.campion@dbr.com)
Susan M. Sharko (susan.sharko@dbr.com)
DRINKER BIDDLE & REATH LLP
500 Campus Drive
Florham Park NJ 07932-1047
Attorney for Defendants Matrixx Initivatives, Inc. and Zicam LLC in *Bentley, Ringbauer Abramsen, Lutche, Adams, Douillard, Hunter* and *Akers*

Jon D. Schneider (jschneider@soarizonalaw.com)
Luane Rosen (lrosen@soarizonalaw.com)
SCHNEIDER & ONOFRY, P.C.
3101 N. Central Ave, Suite 600
Phoenix, AZ 85012-2658

Steve Kennedy (skennedy@jw.com)
Katherine Staton kstaton@jw.com)
John Russell Holloway (rholloway@jw.com)
Amy Anne Osberg (aosberg@jw.com)
Kurt A. Schwarz (kschwarz@jw.com)
JACKSON WALKER LLP
901 Main Street, Suite 6000
Dallas, TX 75202-3797

Attorneys for Botanical Laboratories, Inc.

Daniel Radacosky (radlaw@qwest.net)
RADACOSKY LAW FIRM PLC
10429 S. 51st Street, Suite 201
Phoenix, AZ 85044

James Warlaumont (jwarlaumont@prw-law.com)
PETERSON REED & WARLAUMONT
9 Exchange Place #800
Salt Lake City, UT 84111
Attorneys for Plaintiffs in *Bentley*

Michael L. Williams (Michael_williams@wdolaw.com)
Brian Campf (brian_campf@wdolaw.com)
WILLIAMS LOVE O'LEARY CRAINE & POWERS PC
1001 SW 5th Ave Suite 1900
Portland OR 97204-1135

Kenneth W. Lewis (ken@blrlawyers.com)
BUSH LEWIS & ROEBUCK PC
1240 Orleans Street
Beaumont TX 77706

Mitchell A. Toups (matoups@wgttlaw.com)
WELLER GREEN TOUPS & TERRELL
Bank of America Tower
2615 Calder Street, Suite 400
Beaumont TX 77702
Attorneys for Plaintiffs *Ringbauer, Abramsen, Lutche, Adams, Douillard,* and *Akers*

Joshua Ezrin (jezrin@alexanderlaw.com)
ALEXANDER HAWES & AUDET LLP
152 N. 3rd Street, Suite 600
San Jose CA 95112
Attorney for Plaintiffs in *Hunter*

/s/ Charlotte L. Haught

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2004-001338 07/22/2005

JUDGE PENDLETON GAINES

CLERK OF THE COURT
W. Bobrowski
Deputy

IN RE: CONSOLIDATED ZICAM PRODUCT LIABILITY CASES

FILED: 07/26/2005

BARRY G REED

BRIAN S CAMPF
MARTIN P CLARE
WILLIAM H DOUGLAS
JOSHUA EZRIN
PAUL J GIANCOLA
STEPHEN A KENNEDY
ALAN J LAZARUS
KENNETH LEWIS
SUZANNE MCCANN
DANIEL J RADACOSKY
HART L ROBINOVITCH
JONATHAN D SCHNEIDER
DOUGLAS W SEITZ
RICHARD W SHAPIRO
SUSAN M SHARKO
CHRISTOPHER M SKELLY
MITCHELL A TOUPS
JAMES L WARLAUMONT
JOHN N WILBORN
KURT A SCHWARZ
901 MAIN STREET SUITE 6000
DALLAS TX 75202-3797
COURT ADMIN-CIVIL-CCC

STATUS CONFERENCE SET

11:31 a.m. This is the time set for Status Conference. Plaintiffs are represented by counsel, Barry G. Reed. Defendants Matrixx and Zicam are represented by counsel, Suzanne McCann and Alan Lazarus. Defendant Botanical Labs is represented telephonically by counsel, Kurt Schwartz.

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2004-001338 07/22/2005

A court reporter is not present.

Pursuant to stipulation of counsel, discussion is held off the record regarding status of the case.

IT IS ORDERED as follows:

1. At the request of the parties, all discovery in this case is stayed until further order. No new discovery may be undertaken or initiated during the stay.

2. Except on agreement of the parties, any matters pending before Judge Skelly that are subject to any future action by order or recommendation of Judge Skelly are stayed except as agreed to by the parties. If Judge Skelly requires any further information, he may contact counsel directly.

3. The Court stays any dates that are set by current Court order on all of the consolidated cases.

4. The Court sets a Status Conference on **October 26, 2005 at 9:00 a.m.** in this division. Counsel may appear in person or telephonically.

5. At the initiative of Ms. McCann, a joint report is to be filed with the Court detailing the status of the case and any requests for action from the Court not later than October 19, 2005.

Court Reporter, Michael Vacca, is present.

IT IS FURTHER ORDERED as follows:

1. As to any and all cases subject to the Court's consolidation order in this case, Rule 38.1 is suspended and Civil Court Administration is <u>respectfully</u> requested and directed by this Court to cease issuing 150-day minute entries.

2. Counsel indicate that no action is requested at this time regarding the Alexander litigation.

11:45 a.m. Hearing concludes.