UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| CAROL A. KALFIAN<br><br>Plaintiff,<br><br>v.<br><br>MATRIXX INITIATIVES, INC, ZICAM, LLC, and WAL-MART STORES, INC.,<br><br>Defendants. | Civil Action No. 04-119ML |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO VOLUNTARILY DISMISS COMPLAINT**

Pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure and Local Rule 12, the defendants, Matrixx Initiatives, Inc., Zicam, LLC and Wal-Mart Stores, Inc. hereby oppose plaintiff's motion to voluntarily dismiss her complaint without prejudice and request that this Court dismiss plaintiff's complaint with prejudice. Alternatively, the defendants request that the Court require the plaintiff to pay costs and attorney's fees for expense incurred in defending this action. In further support of their motion, the defendants submit the attached Memorandum in Support of their Opposition to Plaintiff's Motion to Voluntarily Dismiss Complaint.

**MATRIXX INITIATIVES, INC.**
**ZICAM, LLC AND WAL-MART STORES, INC.**

By Its Attorneys,
CAMPBELL CAMPBELL EDWARDS & CONROY, P.C.

Holly M. Polglase (RI# 5692)
123 Dyer Street
Providence, RI 02903
Tel: (401) 421-5123
Fax: (401) 421-5136

CERTIFICATE OF SERVICE

I, Holly M. Polglase, attorney for the defendants Matrixx Initiatives, Inc., Zicam, LLC, and Wal-Mart Stores hereby certify that on September 6, 2005, I forwarded the within document via First Class Mail to:

Christopher Hultquist, Esq.
Tamuleviz Hultquist Bianchi LLP
144 Westminster Street
Providence, RI 02903

Holly M. Polglase

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

CAROL A. KALFIAN

Plaintiff,

v.

MATRIXX INITIATIVES, INC, ZICAM, LLC, and WAL-MART STORES, INC.,

Defendants.

Civil Action No. 04-119ML

**DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR OPPOSITION TO PLAINTIFF'S MOTION TO VOLUNTARILY DISMISS COMPLAINT**

## I. BACKGROUND

This products liability action was filed more than fifteen months ago, on April 6, 2004. The complaint alleges that Matrixx Initiatives, Inc., Zicam, LLC and Wal-Mart Stores, Inc. (collectively "Matrixx") are responsible for the plaintiff's loss of smell and taste. Matrixx has been cooperative throughout the discovery phase of this case. Given the confidential nature of many of the documents sought by the plaintiff, this court, on February 11, 2005, issued a protective order. Thereafter, Matrixx has produced what is correctly described as a "massive" amount of materials to the plaintiff.

On February 24, 2005, Matrixx produced approximately 125,000 documents on eleven CD's to the plaintiff. On March 31, 2005, Matrixx produced approximately 700 documents to the plaintiff. On April 18, 2005, Matrixx produced approximately 5,600 documents to the plaintiff. On April 25, 2005, Matrixx produced approximately 3,000 documents to the plaintiff. In addition, Matrixx produced a collection of video's, complaints, and documents on 49 CD's.

On May 11, 2005, Matrixx produced documents to the plaintiff and also produced 51 audio-cassette tapes responsive to plaintiff's discovery requests. On July 20, 2005, Matrixx produced approximately 6,000 documents to the plaintiff. Thus, to date, Matrixx has produced more than 140,000 documents, 49 CD's containing a collection of video, complaints and documents, and 51 audio-cassette tapes to the plaintiff (see correspondence attached as "Exhibit A").

In addition to the materials produced in this action, Matrixx made available its corporate representative, Tim Clarot, for deposition in late April 2005. The deposition was conducted over two days in Phoenix, Arizona and was attended by both parties.

Matrixx has conducted extensive discovery of its own. Matrixx served interrogatories, requests for production of documents and requests for admissions on the plaintiff. They have been involved with the daunting task of collecting and reviewing the plaintiff's medical records from more than eighteen physicians and medical facilities. Moreover, Matrixx was prepared to take the plaintiff's deposition on July 29, 2005, when counsel for Matrixx was informed by plaintiff's counsel that the plaintiff wished to voluntarily dismiss her complaint.

Matrixx has dedicated more than 208 hours of their time to defending this action. The costs incurred in this case exceed $1,600. The attorney's fees are in excess of $41,000 (see Affidavit of Holly M. Polglase attached "Exhibit B"). Now, more than a year into the litigation and with the discovery deadline set to close in less than three months, the plaintiff has moved to voluntarily dismiss her complaint without prejudice. Given the prejudice that will be felt by Matrixx if the plaintiff's motion is granted, Matrixx objects and requests that the complaint be dismissed only with prejudice.

## II. ARGUMENT

Rule 41(a)(2) of the Federal Rules of Civil Procedure states that "an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper." The purpose of the rule is "to permit the plaintiff, with approval of the court, voluntarily to dismiss an action as long as no other party will be prejudiced." *Doe v. Urohealth Systems, Inc.*, 216 F.3d 157, 160 (1st Cir. 2000) (emphasis added).

Whether a plaintiff's Rule 41(a)(2) motion should be granted is within the sound discretion of the Court. In aid of making that determination, "courts typically look to 'the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and the fact that a summary judgment has been filed by the defendant.'" *Id.* (quoting *Pace v. Southern Express Co.*, 409 F.2d 331, 334 (7th Cir. 1969)). These factors are not exclusive nor must the Court consider each factor. *Id.*

### A. Matrixx Would Be Prejudiced By a Dismissal Without Prejudice Because of the Effort and Expense it Has Incurred in this Litigation

Matrixx has made a significant investment of time and money in defending this case. They have dedicated more than 208 of hours of attorney time, have produced more than 140,000 documents to the plaintiff and more than 50 audio-visual cassettes. Matrixx has conducted extensive discovery of the plaintiff in preparation of filing a summary judgment motion and in anticipation of trial. As part of that preparation, Matrixx was prepared to depose the plaintiff on July 29, 2005, when Matrixx was informed, just four days before the deposition was to go forward, that the plaintiff wished to voluntarily dismiss her suit. At that time, Matrixx was

informed that it was the plaintiff's intention to dismiss her action without prejudice so that she could re-file an identical action in the consolidated Arizona litigation.

In *Doe v. Urohealth Systems, Inc.*, the First Circuit Court of Appeals stated:

> We do think that a plaintiff cannot conduct a serious product liability claim in a federal court, provoke over a year's worth of discovery and motion practice, allow the case to reach the stage at which the defendant filed a full-scale summary judgment motion, and then when matters seemed to be going badly for plaintiff simply dismiss its case and begin all over again in a state court in what is essentially an identical proceeding.

216 F.3d at 163.

Likewise, in *Boyd v. Rhode Island Dept. of Corrections*, Magistrate Judge Hagopian stated that a plaintiff's Rule 41(a)(2) motion seeking to voluntarily dismiss an action without prejudice must be denied, and the action must be dismissed with prejudice, when allowance of the plaintiff's motion would be unfair to the defendants. 206 F.R.D. 36, 38 (D.R.I. 2001) (copy attached as "Exhibit C"). In *Boyd*, the plaintiff had filed a § 1983 action against the defendants on February 25, 2000. A year and a half later, "after significant resources [had] been expended on [the] action," the plaintiff sought to withdraw his complaint without prejudice. *Id.* at 37. The plaintiff wanted the action dismissed "so he [could] bring the same action, with the same issues, at a later date." *Id.* In recommending that the plaintiff's motion be denied (which recommendation was later accepted by District Judge Torres), Judge Hagopian stated that "all of the defendants have expended a great deal of time and resources defending against this action. To permit the plaintiff to withdraw his Complaint, without prejudice, and re-litigate the same issues at a later date would be grossly unfair to the defendants." *Id.* at 38.

Such is the case here. Matrixx has spent a great deal of time and money defending this action. This case was filed over fifteen months ago and the parties have been engaged in discovery for over a year. The case is at the stage where discovery is about to close, experts

designations are to occur and Matrixx's motion for summary judgment is forthcoming. The plaintiff, having no doubt realized that a favorable outcome is unlikely, seeks to dismiss her complaint without prejudice so that she may file an identical action in State Court in Arizona. This is exactly the practice the *Doe* Court warned against. Therefore, plaintiff's motion should be denied and the case should be dismissed with prejudice because of the time and money expended by Matrixx in defending this action.

**B. Re-Filing in Arizona is Not a Sufficient Reason to Grant the Plaintiff a Voluntary Dismissal Without Prejudice**

In her motion, the plaintiff gives only one reason for her need to take a dismissal of her case—"to refile her case in the Arizona consolidated action." Although it is true that the prospect of a second suit in state court should not necessarily bar the dismissal of plaintiff's complaint without prejudice, *Puerto Rico Maritime Shipping Auth. v. Leith*, 668 F.2d 46, 50 (1st Cir. 1981), some reason should exist for wanting to re-file there. *See Doe*, 216 F.3d at 163 (providing that re-filing in state court may be justified when "very difficult issues of state law . . . might make resolution in the state court more appropriate."). Plaintiff provides economic efficiency as her reason for wanting to re-file in the Arizona consolidated action. *See* Plaintiff's Memorandum in Support at p. 6.

Discovery closes in this case on November 30, 2005. This case is to be ready for trial in early 2006. If economic efficiency is the goal the plaintiff should seek a resolution in this court at this time, rather than starting anew in Arizona. No special circumstances have arisen which justify re-filing in Arizona. For example, no difficult issues of state law make the resolution in an Arizona state court more appropriate. *Doe*, 216 F.3d at 163. In fact, this action requires the

application of Rhode Island products liability law[1], *Oresman v. G.D. Searle & Co.*, 321 F. Supp. 449, 451 (D.R.I. 1971), and an Arizona state court would likely apply the law of Rhode Island. *Garcia v. General Motors Corp.*, 195 Ariz. 510, 516-17 (1999) (applying Restatement's most significant relationship test). This will require Arizona counsel to become familiar with the law of Rhode Island at additional time and expense. Lastly, it is important to note that it was the plaintiff who chose her forum. She should not now be permitted, sixteen months later, to in essence transfer her case to an Arizona state court where the application of state law on issues currently governed by federal law (e.g., the admissibility of expert testimony) may be more favorable to her.

Re-filing in Arizona state court based on economic efficiency does not qualify as a sufficient reason justifying dismissal of this action without prejudice. Given the time and expense already expended in defending this action, re-filing in Arizona state court is not a sufficient reason for granting plaintiff's motion because it would be grossly unfair to the defendants. *See Boyd*, 206 F.R.D. at 38.

### C. If this Court Grants Plaintiff a Voluntary Dismissal, Matrixx is Entitled to the Imposition of Costs and Attorney's Fees

The decision of whether to impose costs and attorney's fees on the plaintiff "lies within the sound discretion of the district judge." *See Puerto Rico Maritime Shipping Auth.*, 668 F.2d at 51. Court's that have permitted a voluntary dismissal have usually done so with the imposition of costs and attorney's fees to "ameliorate the prejudice to the defendants . . . [due to] the plaintiff's abortive federal court litigation." *See Doe v. Urohealth Systems, Inc.*, 216 F.3d at 163.

In *Doe v. Urohealth Systems, Inc.*, the plaintiff sought to dismiss his complaint without prejudice a year and a half after the filing of the complaint. Prior to the filing of plaintiff's

[1] But would require the application of federal law to other issues, e.g., the admissibility of expert testimony. *See Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579.

motion to voluntarily dismiss without prejudice, the parties had been involved in discovery and the defendants had moved for summary judgment. The First Circuit Court of Appeals stated that if a reason existed justifying a voluntary dismissal—although they found it "somewhat difficult to discern what that reason might be"—it would only be warranted if the payment of costs and attorney's fees were attached. They stated:

> [I]t is very difficult to imagine in the circumstances of this case a no-prejudice dismissal at plaintiff's behest that would not involve payment by the plaintiff of the defendant's attorney's fees and other expenses of litigation in federal court. . . . [I]f there were . . . valid justifications for dismissal, payment of attorney's fees and other expenses might in some measure ameliorate the prejudice to the defendants of the plaintiff's abortive federal court litigation.

*Id.*

Similarly, Matrixx has expended great time and money in defending this case. Discovery has been ongoing for over a year and Matrixx was prepared to take plaintiff's deposition when, suddenly, plaintiff's deposition was cancelled and Matrixx was informed that the plaintiff was seeking to voluntarily dismiss her complaint. Although Matrixx strongly urges this Court to deny the plaintiff's motion and dismiss this case with prejudice, if the Court is inclined to allow plaintiff's motion Matrixx would request that the Court require the plaintiff to pay Matrixx attorney's fees and costs to ameliorate the prejudice suffered by Matrixx.

## III. CONCLUSION

Matrixx requests that this Court deny plaintiff's motion to voluntary dismiss her complaint without prejudice and dismiss this case with prejudice. Alternatively, if the Court is inclined to grant the plaintiff a voluntary dismissal, Matrixx requests that the Court allow it to recover attorney's fees and costs.

**MATRIXX INITIATIVES, INC.,**
**ZICAM, LLC AND**
**WAL-MART STORES, INC.**

By Its Attorneys,
CAMPBELL CAMPBELL EDWARDS
& CONROY, P.C.

Holly M. Polglase (RI# 5692)
123 Dyer Street
Providence, RI 02903
Tel: (401) 421-5123
Fax: (401) 421-5136

CERTIFICATE OF SERVICE

I, Holly M. Polglase, attorney for the defendants Matrixx Initiatives, Inc., Zicam, LLC, and Wal-Mart Stores hereby certify that on September 6, 2005, I forwarded the within document via First Class Mail to:

Christopher Hultquist, Esq.
Tamuleviz Hultquist Bianchi LLP
144 Westminster Street
Providence, RI 02903

Holly M. Polglase

CAMPBELL CAMPBELL EDWARDS & CONROY
PROFESSIONAL CORPORATION

CAMPBELL

ONE CONSTITUTION PLAZA
THIRD FLOOR
BOSTON, MA 02129
TEL: (617) 241 3000
FAX: (617) 241 5115

HOLLY M. POLGLASE
(617) 241-3101
hpolglase@campbell-trial-lawyers.com

February 24, 2005

***VIA FEDERAL EXPRESS***

Christopher Hultquist, Esq.
Charles A. Tamuleviz, Esq.
Tamuleviz Hultquist Bianchi LLP
144 Westminster St.
Providence, RI 02903

*Re:* *Kalfian v. Matrixx Initiatives, et al.,*
*USDC, District of Rhode Island, 04-CV-119 ML*

Dear Chris:

Enclosed please find Matrixx Initiatives, Inc. and Zicam, LLC's initial document production on eleven CD's with an additional CD containing an index for volumes 1-9. These documents are being produced pursuant to the protective order in place in this litigation.

Please give me a call at (617) 241-3101 for any questions.

Very truly yours,

Holly M. Polglase

HMP:crc
Enclosure(s)
cc: Richard P. Campbell, Esq.

CAMPBELL CAMPBELL EDWARDS & CONROY
PROFESSIONAL CORPORATION

CAMPBELL

CHRISTOPHER R. CONROY
(617) 241-3013
cconroy@campbell-trial-lawyers.com

ONE CONSTITUTION PLAZA
THIRD FLOOR
BOSTON, MA 02129
TEL: (617) 241 3000
FAX: (617) 241 5115

March 31, 2005

VIA OVERNIGHT MAIL

Christopher Hultquist, Esq.
Tamuleviz Hultquist Bianchi LLP
144 Westminster St.
Providence, RI 02903

*Re:* *Kalfian v. Matrixx Initiatives, et al.,*
*USDC, District of Rhode Island, 04-CV-119 ML*

Dear Chris:

As a supplement to the Defendants February 24, 2005 and March 9, 2005 production, enclosed please find CD ZM12 and ZM13 with index to Volume ZM13. These documents are being produced pursuant to the protective order in place in this litigation.

In addition, please find a cross-notice of the April 28-29, 2005 deposition of Tim Clarot.

Please give me a call at (617) 241-3013 for any questions.

Very truly yours,

Christopher R. Conroy

CRC
Enclosure(s)
cc: Richard P. Campbell, Esq.
Holly M. Polglase, Esq.

CAMPBELL CAMPBELL EDWARDS & CONROY
PROFESSIONAL CORPORATION

ONE CONSTITUTION PLAZA
THIRD FLOOR
BOSTON, MA 02129
TEL: (617) 241 3000
FAX: (617) 241 5115

CHRISTOPHER R. CONROY
(617) 241-3013
cconroy@campbell-trial-lawyers.com

April 18, 2005

VIA FEDERAL EXPRESS

Christopher Hultquist, Esq.
Tamuleviz Hultquist Bianchi LLP
144 Westminster St.
Providence, RI 02903

*Re:* *Kalfian v. Matrixx Initiatives, et al.,*
*USDC, District of Rhode Island, 04-CV-119 ML*

Dear Chris:

As a supplement to the Defendants February 24, 2005, March 9, 2005 and March 31, 2005 production, enclosed please find CD ZM14. These documents are being produced pursuant to the protective order in place in this litigation.

Also, enclosed you will find a Notice of Deposition for Tim Clarot's deposition from the Zimmerman Reed law firm in Scottsdale, Arizona.

With respect to your client's deposition, we would like to take her deposition in mid to late May. We will need her complete medical records prior to the deposition and therefore I will need an executed medical authorization from her. I sent you an authorization on March 22, 2005, but I am enclosing another. Kindly have Ms. Kalfian execute the authorization and forward it to my attention at your earliest convenience.

Please give me a call at (617) 241-3013 for any questions.

Very truly yours,

Christopher R. Conroy

CRC
Enclosure(s)
cc: Richard P. Campbell, Esq.
Holly M. Polglase, Esq.

File

CAMPBELL CAMPBELL EDWARDS & CONROY
PROFESSIONAL CORPORATION

CAMPBELL

CHRISTOPHER R. CONROY
(617) 241-3013
cconroy@campbell-trial-lawyers.com

ONE CONSTITUTION PLAZA
THIRD FLOOR
BOSTON, MA 02129
TEL: (617) 241 3000
FAX: (617) 241 5115

April 25, 2005

VIA FEDERAL EXPRESS

Christopher Hultquist, Esq.
Tamuleviz Hultquist Bianchi LLP
144 Westminster St.
Providence, RI 02903

*Re:* *Kalfian v. Matrixx Initiatives, et al.,*
*USDC, District of Rhode Island, 04-CV-119 ML*

Dear Chris:

As a supplement to the Defendants February 24, 2005, March 9, 2005, March 31, 2005, and April 18, 2005 production, enclosed please find the following:

1. Volumes ZM15-ZM17; and
2. Volumes ZMedia 1-48.

These materials are being produced pursuant to the protective order in place in this litigation.

Please give me a call at (617) 241-3013 for any questions.

Very truly yours,

Christopher R. Conroy

CRC
Enclosure(s)
cc: Richard P. Campbell, Esq.
Holly M. Polglase, Esq.

CAMPBELL CAMPBELL EDWARDS & CONROY
PROFESSIONAL CORPORATION

CAMPBELL

ONE CONSTITUTION PLAZA
THIRD FLOOR
BOSTON, MA 02129
TEL: (617) 241 3000
FAX: (617) 241 5115

**CHRISTOPHER R. CONROY**
**(617) 241-3013**
**cconroy@campbell-trial-lawyers.com**

May 2, 2005

VIA FEDERAL EXPRESS

Christopher Hultquist, Esq.
Tamuleviz Hultquist Bianchi LLP
144 Westminster St.
Providence, RI 02903

*Re:* *Kalfian v. Matrixx Initiatives, et al.,*
*USDC, District of Rhode Island, 04-CV-119 ML*

Dear Chris:

As a supplement to the Defendants February 24, 2005, March 9, 2005, March 31, 2005, April 18, 2005, and April 25, 2005 production, enclosed please find Volume # ZMedia 49. These materials are being produced pursuant to the protective order in place in this litigation.

Please give me a call at (617) 241-3013 for any questions.

Very truly yours,

Christopher R. Conroy

CRC
Enclosure(s)
cc: Richard P. Campbell, Esq.
Holly M. Polglase, Esq.

CAMPBELL CAMPBELL EDWARDS & CONROY
PROFESSIONAL CORPORATION

ONE CONSTITUTION PLAZA
THIRD FLOOR
BOSTON, MA 02129
TEL: (617) 241 3000
FAX: (617) 241 5115

CAMPBELL

CHRISTOPHER R. CONROY
(617) 241-3013
cconroy@campbell-trial-lawyers.com

May 11, 2005

VIA FEDERAL EXPRESS

Christopher Hultquist, Esq.
Tamuleviz Hultquist Bianchi LLP
144 Westminster St.
Providence, RI 02903

*Re: Kalfian v. Matrixx Initiatives, et al.,*
*USDC, District of Rhode Island, 04-CV-119 ML*

Dear Chris:

As a supplement to the Defendants February 24, 2005, March 9, 2005, March 31, 2005, April 18, 2005, April 25, 2005, and May 2, 2005 production, enclosed please find two CD's containing Volume # ZM 18 and indexes to ZM14 and ZM15. Additionally, enclosed please find a video production which includes volumes ZVideo 2 through ZVideo 51. These materials are being produced pursuant to the protective order in place in this litigation.

Please give me a call at (617) 241-3013 for any questions.

Very truly yours,

Christopher R. Conroy

CRC
Enclosure(s)
cc: Richard P. Campbell, Esq.
Holly M. Polglase, Esq.

CAMPBELL CAMPBELL EDWARDS & CONROY
PROFESSIONAL CORPORATION

ONE CONSTITUTION PLAZA
THIRD FLOOR
BOSTON, MA 02129
TEL: (617) 241 3000
FAX: (617) 241 5115

CAMPBELL

CHRISTOPHER R. CONROY
(617) 241-3013
cconroy@campbell-trial-lawyers.com

July 20, 2005

Christopher Hultquist, Esq.
Tamuleviz Hultquist Bianchi LLP
144 Westminster St.
Providence, RI 02903

*Re: Kalfian v. Matrixx Initiatives, et al.,*
*USDC, District of Rhode Island, 04-CV-119 ML*

Dear Chris:

As a supplement to the Defendants previous productions, enclosed please find a disc with Matrixx Document Production Volumes ZM131949-ZM137848. These materials are being produced pursuant to the protective order in place in this litigation.

Thank you for you attention to this matter.

Very truly yours,

Christopher R. Conroy

CRC
Enclosure(s)
cc: Richard P. Campbell, Esq.
Holly M. Polglase, Esq.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| CAROL A. KALFIAN, Plaintiff, v. MATRIXX INITIATIVES, INC, ZICAM, LLC, and WAL-MART STORES, INC., Defendants. | Civil Action No. 04-119ML |

**AFFIDAVIT OF HOLLY M. POLGLASE**

I, Holly M. Polglase, under oath, hereby depose and say:

1. I am a partner in the law firm of Campbell Campbell Edwards & Conroy, P.C., counsel for the defendants, Matrixx Initiatives, Inc., Zicam, LLC and Wal-Mart Stores, Inc. (collectively "Matrixx"), in the above-captioned matter. I submit this Affidavit in support of Matrixx's Opposition to Plaintiff's Motion to Voluntarily Dismiss Her Complaint Without Prejudice.

2. I have personal knowledge of the facts set forth in this Affidavit and could testify as to them if called upon to serve as a witness.

3. I am an Attorney admitted to the United States District Court for the District of Rhode Island.

4. My firm was retained by Matrixx to represent them in this very complex products liability matter in May 2004.

5. For the past 16 months this firm has been actively engaged in defending Matrixx and the claims made against it by the plaintiff.

6. In connection with this Affidavit, I have reviewed my time records, my partner's time records, the time records of the associate attorneys' working on this case, and the time records of the paralegal's working on this case. My current hourly rate is $275.00/hour, my partner, Richard P. Campbell's hourly rate is $420.00/hour, the associate attorney's working on this case have an hourly rate of $165.00/hour and the paralegals working on this case have an hourly rate of $110.00. These rates are reasonable given the experience of the individuals involved with the case, the complexity of the case and the legal rates charged by others who perform similar services.

7. During the period of May 1, 2004 to the present, I billed 42.1 hours at $275/hour for a total of $11,055.00.

8. During the period of May 1, 2004 to the present, my partner, Richard P. Campbell billed 18.6 hours at $420/hour for a total of $7,686.00.

9. During the period of May 1, 2004 to the present, my partner, Charles K. Mone billed 0.2 hours at $275/hour for a total of $55.00.

10. During the period of May 1, 2004 to the present, my associate, Na Na Shin billed 71.5 hours at $165/hour for a total of $11,748.00

11. During the period of May 1, 2004 to the present, my associate, Christopher R. Conroy billed 42.2 hours at $165/hour for a total of $6,880.50.

12. During the period of May 1, 2004 to the present, paralegals employed by this firm have billed 33.6 hours at $110/hour for a total of $3,619.00.

13. The total attorney's fees are $41,043.50.

14. In addition, Matrixx has incurred costs in the amount of $1,642.96.

15. The total amount incurred by Matrixx (including reasonable attorney's fees and related expenses) in connection with this case to date is $42,686.46.

SIGNED THIS 6 DAY OF SEPTEMBER, 2005, UNDER THE PAINS AND PENALTIES OF PERJURY.

Holly M. Polglase (RI# 5692)
Campbell Campbell Edwards & Conroy, P.C
123 Dyer Street
Providence, RI 02903
Tel: (401) 421-5123
Fax: (401) 421-5136

**ACKNOWLEDGMENT UNDER OATH**

On this 6 day of September, 2005, before me, the undersigned notary public, personally appeared Holly M. Polglase, who is personally known by me, and acknowledged to me that the information in this affidavit was true to the best of her knowledge.

Notary Public ____________

My Commission Expires: 4/9/10