**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| CAROL A. KALFIAN<br><br>Plaintiff,<br><br>v.<br><br>MATRIXX INITIATIVES, INC., ZICAM, LLC, and WAL-MART STORES, INC.,<br><br>Defendants. | : | C.A. NO. 04-119 ML |

**PLAINTIFF'S REPLY MEMORANDUM IN RESPONSE TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO VOLUNTARILY DISMISS COMPLAINT**

After reviewing Defendant's Memorandum in Support of their Opposition to Plaintiff's Motion to Voluntarily Dismiss Complaint, Plaintiff is compelled to file the instant reply memorandum to clarify representations concerning the law as it applies to the instant facts.

Defendants argue that Plaintiff should not be allowed to dismiss her action in this court and file her action in Arizona state court "where the application of state law on issues currently governed by federal law (e.g., the admissibility of expert testimony) may be more favorable to her." Defendants Memorandum, Page 6. The First Circuit Court of Appeals has indicated that "neither the prospect of a second suit nor a technical advantage to the plaintiff" should bar a voluntary dismissal pursuant to Rule 41(a)(2). Puerto Rico Maritime Shipping Auth. v. Leith, 668 F.2d 46, 50 (1st Cir. 1981). Although Plaintiff does not seek to file in Arizona state court for "technical advantage,"

such a reason does not constitute the legal prejudice necessary to preclude a voluntary dismissal.

Defendants also misplace their reliance on Doe v. Urohealth Systems, Inc., 216 F.3d 157 (1st Cir. 2000), and Boyd v. Rhode Island Department of Corrections, 206 F.R.D. 36 (D.R.I. 2001) to support the proposition that the instant case should be dismissed with prejudice. In Doe, the First Circuit Court of Appeals showed disdain for the plaintiff's dilatory conduct concerning identification of experts, inappropriate discovery requests, and general discovery abuses. In addition the defendants had filed a motion for summary judgment when plaintiff's Rule 42 (a)(2) motion was filed. Doe, 216 F.3d at 160-161. In Boyd, Magistrate Judge Hagopian was careful to note that the list of proceedings on the Court's docket was eleven pages and listed eighty-five entries. Boyd at 37. He was also careful to note that the pro se plaintiff involved in the case stated that his reason for filing the motion to voluntarily dismiss his claim was that he "never had a chance to present [his] case like it should have been, and [he] wont [sic] be able to do so while [he is] in prison…" Id.

The status of the case at bar is not analogous to the Doe or Boyd fact patterns. Defendants began to send relevant documents to Plaintiff in February, 2005. Since February 2005, over 140,000 documents have been provided on disc to Plaintiff, documents presumably provided to all Plaintiff's counsel that agreed to the terms of the protective order instituted in other actions filed throughout the country.

According to the Amended Joint Discovery Plan and pretrial order adopted by the court on March 18, 2005, discovery is scheduled to close on November 30, 2005. Dispositive motions need to be filed no later than December 30, 2005. Pretrial memoranda are due on January 30, 2006, and trial is scheduled for a date convenient to the court in March, 2006. This is clearly not a matter on the eve of trial. There has been no expert discovery and there is no summary judgment motion pending.

Defendants then ask this court to impose costs and attorney's fees on the Plaintiff if the court is inclined to grant Plaintiff's Motion to Voluntarily Dismiss Complaint. Defendants' Memorandum, Page 6. The First Circuit Court of Appeals has indicated that the decision to impose costs lies within the discretion of the trial justice. The imposition of costs as a condition of dismissal is not always required. Puerto Rico Maritime Shipping Auth, 668 F.2d at 51. Although not explicitly addressed in the First Circuit, courts within the Second Circuit refuse to award fees and costs following a Rule 41(a)(2) dismissal when there are no circumstances evincing bad faith or vexatiousness on the part of the plaintiff. See BD v. DeBuono, 193 F.R.D. 117, 125 (S.D.N.Y. 2000), citing , The Gap, Inc. v. Stone International Trading, Inc., 169 F.R.D. 584, 588 (S.D.N.Y. 1997) aff'd, 125 F.3d 845 (2d Cir. 1997). There has been no bad faith or vexatiousness on behalf of Plaintiff in this action. To the contrary, Plaintiff has cooperated with the Defendants during this litigation in an effort to promote efficiency.

Plaintiff has indicated to Defendants that she seeks to file her action in the Arizona state court consolidated litigation. Defense counsel is quite familiar with the Arizona state litigation. In fact Alan Lazarus, Esq. was admitted pro hac vice as associate trial counsel in this case on April 26, 2005. He currently represents defendants in the Arizona consolidated litigation, and he was present during the deposition of Mr. Clarot in Arizona in the only deposition taken in this action. As stated previously, Tim Clarot, the corporate representative designated by defendants, was produced pursuant to a 30(b)(6) deposition notice issued in the Superior Court of the State of Arizona in the action entitled In Re: Consolidated Product Liability Cases, Case No. CV2004-001338. Defendants cross noticed the deposition of Mr. Clarot and specifically indicated to Plaintiff's counsel that "it would be an extreme inconvenience for Mr. Clarot as well as a financial burden for Matrixx to have to produce Mr. Clarot more than once." **See Exhibit 1**.

It is fair to say that dismissal of this action and filing in Arizona state court will lessen the financial burden on Plaintiff as well as Defendants. Since there are over three hundred cases consolidated in Arizona, it is Plaintiff's position that it would be economically efficient concerning litigation expenses not only for Plaintiff, but also for defendants, as there would be no need for multiple production of expert as well as fact witnesses. Efficiency is something that both parties are surely seeking here. Defendants should not leave this court with the impression that dismissing this action without prejudice will leave them in a position of peril. In fact, dismissing this action and allowing Plaintiff to file

this action in Arizona will promote judicial economy as well as economic efficiency.

For the reasons stated in this reply memorandum as well as the Memorandum in Support of Plaintiff's Motion to Voluntarily Dismiss Complaint, Plaintiff Carol A. Kalfian hereby requests the court to issue an order granting Plaintiff's Motion to Voluntarily Dismiss Complaint against all Defendants in the above captioned matter, without prejudice and without costs.

Plaintiff,

By and through her Attorneys

Christopher E. Hultquist, Esq. Bar #5264
Tamuleviz, Hultquist & Bianchi, L.L.P.
144 Westminster Street
Providence, RI 02903
Telephone: (401) 490-2939
Facsimile: (401) 490-2940

## CERTIFICATION

I hereby certify that a true and accurate copy of the within document was mailed by regular mail postage prepaid from Tamuleviz, Hultquist & Bianchi, L.L.P., 144 Westminster Street, Providence, RI 02903 to **Attorney Holly M. Polglase and Richard P. Campbell, Esq.,** Campbell Campbell Edwards & Conroy, One Constitution Plaza, Third Floor, Boston, MA 02129 and **Alan J. Lazarus, Esq.**, Drinker, Biddle & Reath, 50 Fremont Street, San Francisco, CA 94105-2232 on the **12th day of September, 2005**.

Kalfian/P017

EXHIBIT 3

CAMPBELL CAMPBELL EDWARDS & CONROY
PROFESSIONAL CORPORATION

CAMPBELL TRIAL LAWYERS

ONE CONSTITUTION PLAZA
THIRD FLOOR
BOSTON, MA 02129
TEL: (617) 241 3000
FAX: (617) 241 5115

CHRISTOPHER R. CONROY
(617) 241-3013
cconroy@campbell-trial-lawyers.com

March 22, 2005

VIA FACSIMILE AND REGULAR MAIL

Christopher Hultquist, Esq.
Tamuleviz Hultquist Bianchi LLP
144 Westminster St.
Providence, RI 02903

*Re: Kalfian v. Matrixx Initiatives, et al.,*
*USDC, District of Rhode Island, 04-CV-119 ML*

Dear Chris:

Pursuant to our telephone conversation today, I am enclosing an Authorization to Use or Disclose Protected Health Information. Kindly have Ms. Kalfian sign and date the Authorization and forward it back to my attention so that I may obtain her updated medical records. Of course, I will provide you with a copy of the records I receive in response to the Authorization.

Also enclosed is the Order from the Superior Court in Maricopa County, Arizona requiring Matrixx to produce a corporate representative, which as we have discussed will be Tim Clarot. I strongly urge you to attend if you have any interest in deposing Mr. Clarot. As you are aware, it would be an extreme inconvenience for Mr. Clarot as well as a financial burden for Matrixx to have to produce Mr. Clarot more than once.

Lastly, we discussed today Matrixx's motion to have Alan Lazarus admitted *pro hac vice*. I appreciate your cooperation by assenting to that motion.

Please give me a call at (617) 241-3013 for any questions.

Very truly yours,

Christopher R. Conroy

CRC
Enclosure(s)
cc: Holly M. Polglase, Esq.