**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| CAROL A. KALFIAN | : | |
| Plaintiff, | : | |
| v. | : | C.A. NO. 04-119 ML |
| MATRIXX INITIATIVES, INC., ZICAM, LLC, and WAL-MART STORES, INC., | : | |
| Defendants. | : | |

**PLAINTIFF'S RESPONSE TO AFFIDAVIT OF HOLLY POLGLASE, ESQ.**

Plaintiff received the attached Affidavit of Holly Polglase, Esq. on December 19, 2005. (See Exhibit 1) Although the court instructed Plaintiff to file her response to the affidavit on or before December 16, 2005, this response could not be filed before Plaintiff was in receipt of the affidavit.

As mentioned in Plaintiff's Reply Memorandum, although not explicitly addressed in the First Circuit, courts within the Second Circuit refuse to award fees and costs following a Rule 41(a)(2) dismissal when there are no circumstances evincing bad faith or vexatiousness on the part of the plaintiff. See BD v. DeBuono, 193 F.R.D. 117, 125 (S.D.N.Y. 2000), citing , The Gap, Inc. v. Stone International Trading, Inc., 169 F.R.D. 584, 588 (S.D.N.Y. 1997) aff'd, 125 F.3d 845 (2d Cir. 1997). There has been no bad faith or vexatiousness on behalf of Plaintiff in this action. To the contrary, Plaintiff has cooperated with the Defendants during this litigation in an effort to promote efficiency.

It is fair to say that dismissal of this action and filing in Arizona state court will lessen the financial burden on Plaintiff as well as Defendants. Since there are over three hundred cases consolidated in Arizona, it is Plaintiff's position that it would be economically efficient concerning litigation expenses not only for Plaintiff, but also for Defendants, as there would be no need for multiple production of expert as well as fact witnesses. Efficiency is something that both parties are surely seeking here. In fact, dismissing this action and allowing Plaintiff to file this action in Arizona will promote judicial economy as well as economic efficiency.

Although Plaintiff was not provided with a copy of bills pertaining to the defense of this action, it is important to note that defense counsel maintains an office in the city of Providence, RI. To the extent that there are *any* billing statements regarding time spent on travel to and from Boston for court conferences, that time should not be considered by this court. Regarding affiant's contention in paragraph 8 of her affidavit that $33,284.72 in fees and expenses concern tasks that will have no application to the Arizona action, it is Plaintiff's position that the activities listed certainly benefit the Arizona action.

As a general proposition the work product that is generated from "inter-office conferences, conferences with national counsel, legal tasks specific to Rhode Island practice, review of technical information and review of file materials in preparation for case related activities" is of benefit to the Arizona legal defense. To the extent that Defendants maintain that time spent on issues regarding Rhode Island law would not benefit the Arizona action, a comment in

Defendants' Opposition to Plaintiff's Motion to Voluntarily Dismiss Complaint speaks otherwise. On page 5 -6 of Defendant's Memorandum, Defendants state that "this action requires application of Rhode Island products liability law ... and an Arizona state court would likely apply the law of Rhode Island." The national counsel for this litigation, Alan Lazarus, Esq., is admitted in the case at bar, but is also defending the consolidated action in Arizona. He is obviously aware of Rhode Island law of product liability from his involvement with this action, and he is equipped to utilize this knowledge to defend this action in Arizona. The work product generated from the Rhode Island action certainly benefits the Arizona action.

Without repeating the arguments in Plaintiff's previous filings, assessing fees and expenses to Plaintiff would act as an undeserved penalty. This action as well as others throughout the country are dismissed without prejudice and filed in the Arizona consolidated action to promote efficiency to everyone involved. Plaintiff has not had a chance to review the billing statements of defense counsel. If the court is considering granting Plaintiff's motion with a condition of payment for fees and costs, Plaintiff requests that the court review the billing statements before it would impose such a condition upon the Plaintiff.

For the reasons stated in Plaintiff's Response to Affidavit of Holly Polglase, Esq., Plaintiff's Reply Memorandum as well as the Memorandum in Support of Plaintiff's Motion to Voluntarily Dismiss Complaint, Plaintiff Carol A. Kalfian hereby requests the court to issue an order granting Plaintiff's Motion

to Voluntarily Dismiss Complaint against all Defendants in the above captioned matter, without prejudice and without costs.

Plaintiff,

By and through her Attorneys

Christopher E. Hultquist, Esq. Bar #5264
Tamuleviz, Hultquist & Bianchi, L.L.P.
144 Westminster Street
Providence, RI 02903
Telephone: (401) 490-2939
Facsimile: (401) 490-2940

## CERTIFICATION

I hereby certify that a true and accurate copy of the within document was mailed by regular mail postage prepaid from Tamuleviz, Hultquist & Bianchi, L.L.P., 144 Westminster Street, Providence, RI 02903 to **Attorney Holly M. Polglase and Richard P. Campbell, Esq.,** Campbell Campbell Edwards & Conroy, One Constitution Plaza, Third Floor, Boston, MA 02129 and **Alan J. Lazarus, Esq.**, Drinker, Biddle & Reath, 50 Fremont Street, San Francisco, CA 94105-2232 on the **19th day of December, 2005**.

Kalfian/P019

# EXHIBIT 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| CAROL A. KALFIAN<br><br>Plaintiff,<br><br>v.<br><br>MATRIXX INITIATIVES, INC, ZICAM, LLC, and WAL-MART STORES, INC.,<br><br>Defendants. | Civil Action No. 04-119ML |

**AFFIDAVIT OF HOLLY M. POLGLASE**

I, Holly M. Polglase, under oath, hereby depose and say:

1. I am a partner in the law firm of Campbell Campbell Edwards & Conroy, P.C., counsel for the defendants, Matrixx Initiatives, Inc., Zicam, LLC and Wal-Mart Stores, Inc. (collectively "Matrixx"), in the above-captioned matter. I submit this Affidavit as a supplement to Matrixx's Opposition to Plaintiff's Motion to Voluntarily Dismiss Her Complaint Without Prejudice.

2. I have personal knowledge of the facts set forth in this Affidavit and could testify as to them if called upon to serve as a witness.

3. I am an Attorney admitted to the United States District Court for the District of Rhode Island.

4. My firm was retained by Matrixx to represent them in this very complex products liability matter in May 2004. Throughout the course of the litigation, my firm has worked independently and with the assistance of Matrixx's national counsel on a number of matters related to the case.

5. In August 2005, plaintiff moved to voluntarily dismiss her complaint without prejudice. According to plaintiff's motion, she seeks to dismiss her complaint without prejudice in order to file in Arizona state court. It is my understanding that if this case is dismissed and the plaintiff pursues her claim in Arizona, Campbell Campbell Edwards & Conroy, P.C will not be involved in the defense of the lawsuit except to assist in the transition to Arizona counsel. Therefore, time spent by lawyers from Campbell Campbell Edwards & Conroy, P.C learning the complex medical and scientific issues will not be of benefit to Matrixx in the Arizona litigation.

6. From May 1, 2004 to the present, Matrixx has accrued $49,225.50 in legal fees and $2,265.99 in expenses, which has either been paid or is owed to my firm.

7. After reviewing the bills and consulting with national counsel we have reached the conclusion that $18,206.77 in fees and expenses billed by my firm for responding to plaintiff's complaint, assuming the defense of a co-defendant, providing initial disclosures, obtaining medical records and other information regarding the plaintiff, responding to discovery and drafting and implementing a confidentiality agreement. These matters could be beneficial to Matrixx in the Arizona litigation although it is expected that Matrixx will have to file a new Answer, Initial Disclosure and, perhaps, discovery responses in Arizona.

8. There remains a balance of $33,284.72 in fees and expenses for inter-office conferences, conferences with national counsel, legal tasks specific to Rhode Island practice, mandatory court conferences, court related travel, review of technical information and review of file materials in preparation for case related activities. These tasks will have no application to

plaintiff's case if it is allowed to proceed in Arizona.

SIGNED THIS 13th DAY OF DECEMBER, 2005, UNDER THE PAINS AND PENALTIES OF PERJURY.

Holly M. Polglase (RI# 5692)
Campbell Campbell Edwards & Conroy, P.C
123 Dyer Street
Providence, RI 02903
Tel: (401) 421-5123

**ACKNOWLEDGMENT UNDER OATH**

On this 13th day of December, 2005, before me, the undersigned notary public, personally appeared Holly M. Polglase, who is personally known by me, and acknowledged to me that the information in this affidavit was true to the best of her knowledge.

Notary Public ____________

My Commission Expires: 06-12-09