UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

CAROL A. KALFIAN

Plaintiff,

v.

MATRIXX INITIATIVES, INC, ZICAM, LLC, and WAL-MART STORES, INC.,

Defendants.

Civil Action No. 04-119ML

**DEFENDANTS' MOTION FOR RECONSIDERATION AND TO STAY THE DECEMBER 20, 2005 ORDER REQUIRING THE PRODUCTION OF BILLING STATEMENTS**

Pursuant to Fed. R. Civ. P. 26(b)(3) and Local Rule 12, the defendants, Matrixx Initiatives, Inc., Zicam, LLC and Wal-Mart Stores, Inc. (collectively "Matrixx") request that this Court reconsider its December 20, 2005 Order requiring the production of billing statements to the plaintiff. The billing statements contain hour-by-hour descriptions of the work performed by Matrixx's counsel covering an 18-month period, and those descriptions are protected by the attorney-client privilege and the work-product doctrine. Matrixx further requests that this Court stay its obligation to produce billing statements until the Court has ruled on its motion for reconsideration.

In further support of this motion, Matrixx submits the attached memorandum of law.

**MATRIXX INITIATIVES, INC.**
**ZICAM, LLC AND WAL-MART STORES, INC.**
By Its Attorneys,
CAMPBELL CAMPBELL EDWARDS & CONROY, P.C.

Holly M. Polglase (RI#5692)
123 Dyer Street
Providence, RI 02903
Tel: (401) 421-5123
Fax: (401) 421-5136

CERTIFICATE OF SERVICE

I, Holly M. Polglase, attorney for the defendants Matrixx Initiatives, Inc., Zicam, LLC, and Wal-Mart Stores hereby certify that on December 29, 2005, I forwarded the within document via facsimile and First Class Mail to:

Christopher Hultquist, Esq.
Tamuleviz Hultquist Bianchi LLP
144 Westminster Street
Providence, RI 02903

Holly M. Polglase

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| CAROL A. KALFIAN<br><br>Plaintiff,<br><br>v.<br><br>MATRIXX INITIATIVES, INC, ZICAM, LLC, and WAL-MART STORES, INC.,<br><br>Defendants. | Civil Action No. 04-119ML |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR RECONSIDERATION AND TO STAY THE DECEMBER 20, 2005 ORDER REQUIRING THE PRODUCTION OF BILLING STATEMENTS**

Pursuant to Local Rule 12, the defendants, Matrixx Initiatives, Inc., Zicam, LLC and Wal-Mart Stores, Inc. (collectively "Matrixx") submit this memorandum of law in support of their motion for reconsideration and to stay the December 20, 2005 order.

**BACKGROUND**

The plaintiff has moved to voluntarily dismiss her complaint without prejudice. Plaintiff's motion stated that it was her intent to re-file her complaint in Arizona. Matrixx opposed that motion and sought dismissal of the case with prejudice. Alternatively, Matrixx sought counsel fees and expenses in the amount of $42,686.46.

On December 13, 2005, counsel for Matrixx submitted an Affidavit, per the Court's instruction, itemizing counsel fees and expenses. The Affidavit lists categories of tasks performed in this case that will have no application to the Arizona litigation. The Affidavit concludes that Matrixx is entitled to $33,284.72 in counsel fees and expenses if the Court is inclined to allow plaintiff's motion to voluntarily dismiss her complaint without prejudice.

On December 20, 2005, the Court issued an Order requiring Matrixx "to provide plaintiff and the Court with copies of billing statements which support defendants' claim for $33,284.72 in counsel fees and expenses." *See* "Exhibit A." The Order further mandates that Matrixx "provide the copies of billing statements on or before December 30, 2005, unless counsel are able to arrive at a compromise before that date." *Id.*

Matrixx moves for reconsideration of that Order to the extent it requires Matrixx to provide billing statements to the plaintiff. The billing statements include hour-by-hour descriptions of the work performed for more than an 18-month period. These summary descriptions, prepared by counsel, include information protected by the attorney-client privilege, work-product doctrine and are revealing of Matrixx's case strategy.

**ARGUMENT**

There "is a general agreement that attorney billing statements and time records are protected by the attorney-client privilege ... to the extent that they reveal litigation strategy and/or the nature of services performed." *U.S. v. Keystone Sanitation Co.*, 885 F. Supp. 672, 675 (M.D. Pa. 1994). Pursuant to the work-product doctrine, "the court shall protect against the disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation." Fed. R. Civ. P. 26(b)(3). Relating to the production of billing statements, one court has stated:

> The [billing statements] at issue do not merely indicate the client's name, the amount of payment, and the general nature of the work performed. Instead, the [billing statements] detail an hour-by-hour rendition of the work performed for a client over a three-year period. These documents detail, by name, the people with whom [counsel] talked, and the topics they discussed. These documents describe the subjects that [counsel] researched and the papers he reviewed. These descriptions necessarily reveal strategies, confidential communications, and the thought process behind the representation. Allowing discovery of these documents would, in effect, allow [plaintiff's counsel] to be the proverbial "fly on the wall" of the [defense counsel's] firm.

*Hewes v. Langston*, 853 So.2d 1237, 1248-49 (Miss. 2003).

The December 20, 2005 Order requiring the disclosure of billing statements created by Matrixx's counsel and representatives includes within those statements descriptions of the work performed for over an 18-month period. The production of the billing statement descriptions would reveal the litigation strategy, mental impressions, conclusions, opinions, or legal theories of Matrixx's counsel to the plaintiff. Considering the plaintiff intends to proceed in Arizona, it would be unfair and prejudicial to Matrixx to compel production of the billing descriptions. In essence, the plaintiff will have the benefit of internal work descriptions prepared by Matrixx's counsel for use in the Arizona litigation that she would not have had in this Court. This Court should not reward the plaintiff for opting out of this venue (which she chose) with discovery she is not entitled to under Rule 34 of the Federal Rules of Civil Procedure.

Moreover, the plaintiff has not requested the billing statements. She requests that "the court review the billing statements before it would impose such a condition upon the Plaintiff." *See* Plaintiff's Response to Affidavit of Holly Polglase, Esq. at p. 3 (attached as "Exhibit B"). Because the plaintiff has not requested the billing statements and because she does not need the statements in order for the Court to rule on plaintiff's motion, the billing statements should not be produced to the plaintiff. The billing statements are protected by the attorney-client privilege and the work-product doctrine and should be produced to the Court only for in-camera review.

WHEREFORE, Matrixx requests that this Court reconsider its December 20, 2005 Order and issue an amended Order providing the following:

1. The billing statements of Matrixx's counsel shall be produced to the Court for in-camera review, but shall be returned to Matrixx's counsel upon completion of that review and shall not become part of the court file;
2. The billing statements shall not be produced to the plaintiff; and
3. Matrixx's obligation to produce billing statements by December 30, 2005 shall be stayed pending the outcome of Matrixx's motion for reconsideration.

Alternatively, to the extent this Court is not inclined to grant the requested relief, Matrixx requests that the Court allow it to redact portions of the billing statement descriptions it must provide to the plaintiff that reveal attorney-client and work-product information and information that reveals Matrixx's litigation strategy.

**MATRIXX INITIATIVES, INC.**
**ZICAM, LLC AND WAL-MART STORES, INC.**

By Its Attorneys,
CAMPBELL CAMPBELL EDWARDS & CONROY, P.C.

Holly M. Polglase (RI# 5692)
123 Dyer Street
Providence, RI 02903
Tel: (401) 421-5123
Fax: (401) 421-5136

CERTIFICATE OF SERVICE

I, Holly M. Polglase, attorney for the defendants Matrixx Initiatives, Inc., Zicam, LLC, and Wal-Mart Stores hereby certify that on December 29, 2005, I forwarded the within document via facsimile and First Class Mail to:

Christopher Hultquist, Esq.
Tamuleviz Hultquist Bianchi LLP
144 Westminster Street
Providence, RI 02903

Holly M. Polglase

[redacted]

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

CAROL A. KALFIAN

v. CA 04-119ML

MATRIXX INITIATIVES, INC.,
ZICAM, LLC, and WAL-MART STORES, INC.

ORDER

Defendant is directed to provide plaintiff and the Court with copies of billing statements which support defendants' claim for $33,284.72 in counsel fees and expenses. Defendant shall provide the copies of billing statements on or before December 30, 2005, unless counsel are able to arrive at a compromise before that date.

SO ORDERED:

Mary M. Lisi
United States District Judge
December 20, 2005

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| CAROL A. KALFIAN<br><br>Plaintiff,<br><br>v.<br><br>MATRIXX INITIATIVES, INC., ZICAM, LLC, and WAL-MART STORES, INC.,<br><br>Defendants. | : | C.A. NO. 04-119 ML |

**PLAINTIFF'S RESPONSE TO AFFIDAVIT OF HOLLY POLGLASE, ESQ.**

Plaintiff received the attached Affidavit of Holly Polglase, Esq. on December 19, 2005. (See Exhibit 1) Although the court instructed Plaintiff to file her response to the affidavit on or before December 16, 2005, this response could not be filed before Plaintiff was in receipt of the affidavit..

As mentioned in Plaintiff's Reply Memorandum, although not explicitly addressed in the First Circuit, courts within the Second Circuit refuse to award fees and costs following a Rule 41(a)(2) dismissal when there are no circumstances evincing bad faith or vexatiousness on the part of the plaintiff. See BD v. DeBuono, 193 F.R.D. 117, 125 (S.D.N.Y. 2000), citing , The Gap, Inc. v. Stone International Trading, Inc., 169 F.R.D. 584, 588 (S.D.N.Y. 1997) aff'd, 125 F.3d 845 (2d Cir. 1997). There has been no bad faith or vexatiousness on behalf of Plaintiff in this action. To the contrary, Plaintiff has cooperated with the Defendants during this litigation in an effort to promote efficiency.

It is fair to say that dismissal of this action and filing in Arizona state court will lessen the financial burden on Plaintiff as well as Defendants. Since there are over three hundred cases consolidated in Arizona, it is Plaintiff's position that it would be economically efficient concerning litigation expenses not only for Plaintiff, but also for Defendants, as there would be no need for multiple production of expert as well as fact witnesses. Efficiency is something that both parties are surely seeking here. In fact, dismissing this action and allowing Plaintiff to file this action in Arizona will promote judicial economy as well as economic efficiency.

Although Plaintiff was not provided with a copy of bills pertaining to the defense of this action, it is important to note that defense counsel maintains an office in the city of Providence, RI. To the extent that there are *any* billing statements regarding time spent on travel to and from Boston for court conferences, that time should not be considered by this court. Regarding affiant's contention in paragraph 8 of her affidavit that $33,284.72 in fees and expenses concern tasks that will have no application to the Arizona action, it is Plaintiff's position that the activities listed certainly benefit the Arizona action.

As a general proposition the work product that is generated from "inter-office conferences, conferences with national counsel, legal tasks specific to Rhode Island practice, review of technical information and review of file materials in preparation for case related activities" is of benefit to the Arizona legal defense. To the extent that Defendants maintain that time spent on issues regarding Rhode Island law would not benefit the Arizona action, a comment in

Defendants' Opposition to Plaintiff's Motion to Voluntarily Dismiss Complaint speaks otherwise. On page 5 -6 of Defendant's Memorandum, Defendants state that "this action requires application of Rhode Island products liability law ... and an Arizona state court would likely apply the law of Rhode Island." The national counsel for this litigation, Alan Lazarus, Esq., is admitted in the case at bar, but is also defending the consolidated action in Arizona. He is obviously aware of Rhode Island law of product liability from his involvement with this action, and he is equipped to utilize this knowledge to defend this action in Arizona. The work product generated from the Rhode Island action certainly benefits the Arizona action.

Without repeating the arguments in Plaintiff's previous filings, assessing fees and expenses to Plaintiff would act as an undeserved penalty. This action as well as others throughout the country are dismissed without prejudice and filed in the Arizona consolidated action to promote efficiency to everyone involved. Plaintiff has not had a chance to review the billing statements of defense counsel. If the court is considering granting Plaintiff's motion with a condition of payment for fees and costs, Plaintiff requests that the court review the billing statements before it would impose such a condition upon the Plaintiff.

For the reasons stated in Plaintiff's Response to Affidavit of Holly Polglase, Esq., Plaintiff's Reply Memorandum as well as the Memorandum in Support of Plaintiff's Motion to Voluntarily Dismiss Complaint, Plaintiff Carol A. Kalfian hereby requests the court to issue an order granting Plaintiff's Motion

to Voluntarily Dismiss Complaint against all Defendants in the above captioned matter, without prejudice and without costs.

Plaintiff,

By and through her Attorneys

Christopher E. Hultquist, Esq. Bar #5264
Tamuleviz, Hultquist & Bianchi, L.L.P.
144 Westminster Street
Providence, RI 02903
Telephone: (401) 490-2939
Facsimile: (401) 490-2940

**CERTIFICATION**

I hereby certify that a true and accurate copy of the within document was mailed by regular mail postage prepaid from Tamuleviz, Hultquist & Bianchi, L.L.P., 144 Westminster Street, Providence, RI 02903 to **Attorney Holly M. Polglase and Richard P. Campbell, Esq.**, Campbell Campbell Edwards & Conroy, One Constitution Plaza, Third Floor, Boston, MA 02129 and **Alan J. Lazarus, Esq.**, Drinker, Biddle & Reath, 50 Fremont Street, San Francisco, CA 94105-2232 on the **19th day of December, 2005**.

Kalfian/P019

plaintiff's case if it is allowed to proceed in Arizona.

SIGNED THIS 13th DAY OF DECEMBER, 2005, UNDER THE PAINS AND PENALTIES OF PERJURY.

Holly M. Polglase (Bar 5692)
Campbell Campbell Edwards & Conroy, P.C.
123 Dyer Street
Providence, RI 02903
Tel: (401) 421-5123

ACKNOWLEDGMENT UNDER OATH

On this 13th day of December 2005, before me, the undersigned notary public, personally appeared Holly M. Polglase, who is personally known by me, and acknowledged to me that the information in this affidavit was true to the best of her knowledge.

Notary Public

My Commission Expires: 06-14-09

5. In August 2005, plaintiff moved to voluntarily dismiss her complaint without prejudice. According to plaintiff's motion, she seeks to dismiss her complaint without prejudice in order to file in Arizona state court. It is my understanding that if this case is dismissed and the plaintiff pursues her claim in Arizona, Campbell Campbell Edwards & Conroy, P.C will not be involved in the defense of the lawsuit except to assist in the transition to Arizona counsel. Therefore, time spent by lawyers from Campbell Campbell Edwards & Conroy, P.C learning the complex medical and scientific issues will not be of benefit to Matrixx in the Arizona litigation.

6. From May 1, 2004 to the present, Matrixx has accrued $49,225.50 in legal fees and $2,265.99 in expenses, which has either been paid or is owed to my firm.

7. After reviewing the bills and consulting with national counsel we have reached the conclusion that $18,206.77 in fees and expenses billed by my firm for responding to plaintiff's complaint, assuming the defense of a co-defendant, providing initial disclosures, obtaining medical records and other information regarding the plaintiff, responding to discovery and drafting and implementing a confidentiality agreement. These matters could be beneficial to Matrixx in the Arizona litigation although it is expected that Matrixx will have to file a new Answer, Initial Disclosure and, perhaps, discovery responses in Arizona.

8. There remains a balance of $33,284.72 in fees and expenses for inter-office conferences, conferences with national counsel, legal tasks specific to Rhode Island practice, mandatory court conferences, court related travel, review of technical information and review of file materials in preparation for case related activities. These tasks will have no application to

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| CAROL A. KAUFMAN<br><br>Plaintiff,<br><br>v.<br><br>MATRIXX INITIATIVES, INC,<br>ZICAM, LLC, and WAL-MART<br>STORES, INC.,<br><br>Defendants. | Civil Action No. 04-119ML |

## AFFIDAVIT OF HOLLY M. POLGLASE

I, Holly M. Polglase, under oath, hereby depose and say:

1. I am a partner in the law firm of Campbell Campbell Edwards & Conroy, P.C., counsel for the defendants, Matrixx Initiatives, Inc., Zicam, LLC and Wal-Mart Stores, Inc. (collectively "Matrixx"), in the above-captioned matter. I submit this Affidavit as a supplement to Matrixx's Opposition to Plaintiff's Motion to Voluntarily Dismiss Her Complaint Without Prejudice.

2. I have personal knowledge of the facts set forth in this Affidavit and could testify as to them if called upon to serve as a witness.

3. I am an Attorney admitted to the United States District Court for the District of Rhode Island.

4. My firm was retained by Matrixx to represent them in this very complex products liability matter in May 2004. Throughout the course of the litigation, my firm has worked independently and with the assistance of Matrixx's national counsel on a number of matters related to the case.